| | | | |
|---|---|---|---|
| **Name of Assigned Judge or Magistrate Judge** | Harry D. Leinenweber | **Sitting Judge if Other than Assigned Judge** | |
| **CASE NUMBER** | 02 C 7899 | **DATE** | 1/29/2004 |
| **CASE TITLE** | Kathleen N. Loughman vs. Malnati Organization, Inc.. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due ___.
(3) ☐ Answer brief to motion due ___. Reply to answer brief due ___.
(4) ☐ Ruling/Hearing on ___ set for ___ at ___.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ___ set for ___ at ___.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ___ set for ___ at ___.
(7) ☐ Trial[set for/re-set for] on ___ at ___.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ___ at ___.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
 ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendant's Motion for Summary judgment is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required advised in open court |
| | No notices required |
| | Notices mailed by judge's staff |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| ✓ | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

WAP — courtroom deputy's initials

date docketed: JAN 30 2004

Document Number: 23

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KATHLEEN N. LOUGHMAN,

        Plaintiff,

v.

MALNATI ORGANIZATION, INC.,
d/b/a LOU MALNATI'S PIZZERIA,

        Defendant.

Case No. 02 C 7899

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

The plaintiff, Kathleen Loughman (hereinafter "Loughman"), has brought this suit against her former employer, Lou Malnati's Pizzeria (hereinafter, "Malnati's"), alleging that she was the subject of sexual harassment by co-employees. Specifically she complains about three incidents that occurred between November 2000 and August 2002.

The first alleged incident occurred in November 2000, when a co-employee, Martin Ruellas, put his arm around her, pushed her into a darkened room, and tried to kiss her. She escaped from his grasp but was again stopped by Ruellas who pushed her against a wall. He continued to grab and hold her as she tried to escape by running up a set of stairs.

The second alleged incident occurred in the fall of 2001 when co-employees, Guillermo Siffuentes and Hector Hernandez,

followed her into the cooler. The lights were turned off, Hernandez grabbed her breasts and tried to put a hand down her pants. She screamed for help, tried to push Hernandez off and hit Siffuentes, causing him to fall against the door, which opened allowing her to escape.

The third alleged incident occurred on August 28, 2002, when a delivery boy, Tom Schaller, approached her from the rear, ran his hands through her hair, and put a hand up her shirt and wiggled his fingers on her stomach. He then giggled and ran away.

Plaintiff contends that she complained to her supervisor, Jim Solis ("Solis"), about all three incidents but he did not conduct an investigation, refused to discipline the offending co-workers or change their shifts so she would not have to work with those who sexually harassed her, and otherwise did nothing to remedy her complaints.

Malnati's, on the other hand contends that at all times it had in place a sexual harassment policy that was publicized in the employees' handbook, a copy of which plaintiff received at the time of her first employment with Malnati's. Under Malnati's policy an employee has the option of reporting harassment to the corporate office via a telephone number provided in the handbook, or directly to any of three female managers. Plaintiff, however, chose to report the acts of harassment to Jim Solis who was a

- 2 -

male and one of the most junior managers. Malnati's further claims that on the three specific occasions cited by plaintiff, Solis did in fact conduct an investigation and verbally warned the offending employees that if they did anything further to plaintiff they would be fired. Ruellas did not bother her again, Hector Hernandez, was fired as a result of additional harassing conduct toward plaintiff, and Schaller was transferred to another restaurant. Thus, Malnati's contends that it is entitled to the affirmative defense provided by the cases of *Burlington Industries v. Ellerth*, 524 U.S. 742 (1998) and *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998).

Plaintiff fails to discuss the impact of *Ellerth* and *Faragher* on her case, but does allege in her brief that Malnati's ignored her complaints, failed to conduct investigations, and refused to discipline the offending employees. However, in her deposition, which is an exhibit, she testified to the contrary: that after she complained to Solis and other co-employees regarding each of the three incidents the offending people were talked to and, with one exception did not bother her again. She specifically testified in her deposition that Martin Ruellas was talked to by Solis and threatened with termination. She did not have any trouble with him again. In fact, she said that Ruellas did not speak to her for at least a year after the incident. After she complained about the incident with Hernandez and

Siffuentes, Solis talked to Hernandez. While Hernandez did not do anything as drastic as in the 2001 incident, he did on another occasion brush up against her which made her feel uncomfortable. She again complained and Solis subsequently fired him as a result of this behavior. Schaller, the harasser in 2002, was called into a meeting with Solis and Loughman where he was required to apologize and shortly thereafter he was transferred to a different store.

In *Ellerth* and *Faragher* the Supreme Court held that employers may defend against claims of sexual harassment by co-workers (as opposed to supervisory personnel) by exercising reasonable care to discover and rectify promptly sexual harassing behavior. *Durkin v. City of Chicago*, 341 F.3d 606, 612 (7th Cir. 2003). If the employer has an effective grievance mechanism to seek redress for harassment, the employer will not be considered negligent and will have no liability. *Gentry v. Export Packaging Co.*, 238 F.3d 842, 847 (7th Cir. 1999). In this case the evidence shows that Malnati's had a written sex harassment policy which instructed employees, such as plaintiff, to complain to their supervisor, or, if desired, to the corporate office. The evidence further shows that plaintiff did not call the corporate office or any of the female supervisors and was apparently somewhat reluctant to complain, but elected to complain first to fellow employees and only later to a supervisor, Solis. In at

- 4 -

least two of the three occasions the supervisor Solis first heard about her claims of harassment from the co-employees to whom she complained. In each of the three incidents, her supervisor conducted an investigation of the incident by speaking to the offending employee. In one instance after the employee was threatened with being fired if the conduct occurred again (Ruellas), he did not bother her again. In fact, plaintiff testified that it was about one year later before Ruellas would even speak to her at all. The second incident lead to the firing of Hernandez because he repeated the harassing behavior, and the third incident (Schaller) led to an apology and his transfer to another Malnati's store. Thus, it is apparent that Malnati's not only had a sexual harassment policy in place but had an effective one. This is all that is required to avoid liability for co-employee harassment. See *Durkin, id.*

Plaintiff also complained about a variety of off hand comments that were made to her and in her presence during her employment, such as "do you have a boy friend?", "will you date me?" and the like, which she claims made her feel uneasy. The evidence does not disclose that she complained to her supervisor about any specific incident other than the three discussed above. The evidence does show that her supervisor did advise her that many of her co-employees were of Hispanic background and were products of a different culture and she should avoid taking any

- 5 -

actions that might tend to mislead them such as flirting or loitering in the kitchen where many of them worked. While this advice does smack a little of "blame the victim," nevertheless the comments were not such as to constitute illegal harassment. *Scott v. Sears, Roebuck & Co.*, 798 F.2d 210, 211-214 (7th Cir. 1986); *Weiss v. Coca-Cola Bottling Co.*, 990 F.2d 333, 337 (7th Cir. 1993).

## CONCLUSION

For the reasons stated above, the Motion for Summary Judgment of the Defendant is granted.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Date: January 29, 2004